UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL NO.

_____

**ROSA TORRES**,
    Plaintiff,
v.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**UNITED STATES POSTAL SERVICE, BY AND THROUGH PATRICK R. DONAHOE, POSTMASTER**,
    Defendant.

_____

Richard Heavey, Law Offices of Richard Heavey, Esq. LLC, 50 North Street, P.O. Box 147, Medfield, MA 02052, (508) 359-8600, Attorney for the Plaintiff.

Plaintiff, by her attorney, Richard Heavey, as and for her complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action to remedy the failure of the Defendant, the United States Postal Service, to properly pay the Plaintiff, Rosa Torres, overtime a the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201 et seq. (the "FSLA").

2. Jurisdiction is conferred upon this Court by 29 U.S.C.A. §216(b) of the Fair Labor Standards Act, by 28 U.S.C.A. § 1331, as this action arises under the laws of the United States, and by 28 U.S.C.A. § 1337, as this action arises under Acts of Congress regulating commerce.  Venue lies within this judicial district, as the claim arose in this District.

### THE PARTIES

3. The plaintiff, Rosa Torres ("Torres), is an individual and resident of the Commonwealth of Massachusetts currently residing at 261 Trailside Way, Ashland, Massachusetts.

4. The defendant, the United States Postal Service ("Postal Service), is a Governmental Agency created by statute.

5. Patrick R. Donahoe in his capacity as the Postmaster General of the United States Postal Service is the head of the Postal Service.

6. The United States Postal Service is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 U.S.C.A. §§ 201 et seq.)

7. At all times relevant and materials to this action, Torres was an employee of the Postal Service within the meaning of the Act, 29 U.S.C.A. § 203(e)(1).

## BACKGROUND FACTS

8. On or about 2001, Torres was hired by the Postal Service as a casual carrier.

9. Soon thereafter Torres served as a rural carrier for a period of time.

10. On or about October 15, 2005, Torres received an appointment to the Postal Service as a Career City Letter Carrier.

11. On or about March 2009, Torres was given a higher level detail assignment and began performing the duties of an Acting Supervisor (204-B) at the Westboro, MA Post Office.

12. In that capacity Torres reported to the Post Office Operations Manager ("POOM"), Dean Baker, and Postmaster, Ed Newton.

13. While serving in a 204-B capacity at the Westboro, MA Post Office, Torres' regularly scheduled hours were from 10:30 A.M. to 7:30 P.M..

14. While serving in a 204-B capacity at the Westboro, MA Post Office, Torres' regularly scheduled day off was Friday.

15. Despite having a regular schedule as set forth in paragraphs 13 and 14 above, during the period Torres served in a 2004-B capacity at the Westboro, MA Post Office she routinely performed 70-80 hours of work each week.

16. Despite routinely working between 70-80 hours each week during her time as a 204-B at the Westboro, MA Post Office, Torres' earnings statements reflect that she was routinely only paid a total of 48-50 hours each week (40 hours of straight pay and 8-10 hours per week of overtime).

17. Torres was not paid any wages for the remaining 20-30 overtime hours that she worked each week during this period, in violation of the FLSA.

18. Torres should have been paid time-and-a-half for these remaining 20-30 overtime hours that she worked each week during this period.

19. The Postal Service during this period also willfully disregarded and purposely evaded the record keeping requirements of the Fair Labor Standards Act by failing to maintain accurate timesheets and payroll records reflecting Torres' actual work hours.

20. Torre's need to work these hours was due to the fact that her direct supervisor, Mr. Newton, was rarely at work.

21. Specifically, during this period Mr. Newton routinely was only present at the Westboro, MA Post Office on average approximately fifteen (15) hours per week.

22. An investigation conducted by the United States Postal Service Inspectional Services discovered that during this period Mr. Newton was working for the Town of Westboro, MA Planning Board at the same time he was supposed to be working for the United States Postal Service at the Westboro, MA Post Office.

23. In or about late March/early April, 2011, during the course of the Postal Inspection Service's investigation into Mr. Newton's activities, Torres was reassigned to the Framingham, MA Post Office.

24. Soon thereafter, in or about April, 2011, Torres' higher level detail assignment was prematurely ended and she was returned to her regular City Letter Carrier craft position at the Westboro, MA Post Office.

## FIRST COUNT

25. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth here.

26. Torres was not paid any wages for approximately 20-30 in overtime hours that she worked each week during the relevant period, in violation of the FLSA.

27. Under FLAS Torres should have been paid time-and-a-half for these remaining 20-30 overtime hours that she worked each week during this period.

28. The Postal Service's failure to pay Torres wages and overtime at the rate of time-and-a-half was willful.

29. As a result of the foregoing unlawful and/or willful conduct on the part of the

Postal Service, Torres has suffered damages.

WHEREFORE, Torres requests that this Court enter a judgment in favor of Plaintiff and against Defendant as follows:

1. Declaring Defendant, United States Postal Service violated the Fair Labor Standards Act (29 U.S.C.A. §§ 201 et seq.) during the period of Torres' employment as a 204-B at the Westboro, MA Post Office from 2009 to 2011;

2. Declaring Defendant's violation of the Fair Labor Standards Act was willful;

3. Awarding Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, with interest;

4. Awarding Plaintiff an equal amount in liquidated damages; and

5. Awarding Plaintiff costs and reasonable attorney's fees, and interest, together with such other and further relief as to the Court seems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY.

Respectfully Submitted,
Rosa Torres,
By her attorney,

*/s/ Richard Heavey*
Richard Heavey, Esquire
Law Offices of Richard Heavey, Esq. LLC
P.O. Box 147
Medfield, MA 02052
Tel: (508) 359-1700
Fax: (508) 359-0062
Email: hhkc1@verizon.net
B.B.O. #228260

Dated: 05/16/12